UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON NICHOLAS CASELANO,<br><br>Defendant. | Case No. 1:22-CR-00006-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Brandon Nicholas Caselano's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2). Dkt. 45. The Government has filed an opposition to the Motion. Dkt. 46. Caselano filed a Reply and the matter is now ripe for decision. Dkt. 49. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons set forth below, the Court finds good cause to DENY the Motion.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local (Continued)

MEMORANDUM DECISION AND ORDER - 1

## II. ANAYLSIS

18 U.S.C. § 3582(c)(2) states that a court may change a sentence due to a change in the Guidelines. It is discretionary and not mandatory. The Ninth Circuit has held that any reduction in sentence based upon a guideline range that has subsequently been lowered by the Sentencing Commission must be consistent with applicable policy statements issued by the Sentencing Commission. *US v. D.M.*, 869 F.3d 1133, 1138 (9th Cir. 2017). This requires (1) a determination that a sentence reduction is consistent with the applicable policy statements, and then (2) if it is, consideration of whether a reduction is warranted after weighing any applicable § 3553(a) factors. *Id.*

Here, the parties agree that the 2023 amendment to the Sentencing Guidelines lowers the high-end of the guideline range in this case from 27 to 21 months. Nevertheless, the Government argues that the § 3553(a) factors should be used by the Court to decline a sentence reduction. The Government's argument in this regard is similar to the argument it made at the original sentencing when it sought a sentence of 120 months. Basically, at the original sentencing the Government was asking the Court to use the § 3553(a) factors to impose an upward variance from 27 months to 120 months. The Court declined to do so. Instead, the Court used the § 3553(a) factors to justify a sentence of 27 months.

After considering the § 3553(a) factors, the Court is not willing to go below 27 months, even though the guideline range has been amended down to 15-21 months. The

---

Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 2

defendant was sentenced for being a prohibited person in possession of two firearms in violation of federal law. This is a defendant with at least three prior felony convictions, including conspiracy to commit armed bank robbery in 1992, two counts of bank robbery with a firearm in 1996 and a 30-year sentence for bank robbery in 2005. He has spent the vast majority of his adult life in prison for robberies with guns. Here, he was found in possession of a pistol and a rifle as a prohibited person. He has not demonstrated a willingness to change. The sentence of 27 months as original imposed reflects the seriousness of the offense, attempts to promote respect for the law, and provides just punishment for repeated firearm offenses. Finally, it protects the public from future crimes by this defendant. The motion is denied.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Brandon Nicholas Caselano's Motion for Reduction of Sentence (Dkt. 45) is **DENIED**.

DATED: November 12, 2024

_____
David C. Nye
Chief U.S. District Court Judge